Mr. Robert T. Carlile City Attorney City of Deerfield Beach 150 Northeast Second Avenue Deerfield Beach, Florida 33441
Dear Mr. Carlile:
You have asked substantially the following question:
 May a code enforcement board conduct a hearing on a municipal code violation when the violation has continued beyond the time specified by the code inspector for correction but is corrected prior to the hearing?
In sum:
 The Local Government Code Enforcement Boards Act authorizes a code enforcement board to conduct a hearing on a violation not corrected by the time specified by the code inspector, even if the violation has been corrected prior to the board hearing.
Chapter 162, F.S., the Local Government Code Enforcement Boards Act, was enacted to create administrative enforcement procedures for violations of county and municipal technical codes. Specific legislative action was necessary to authorize local governing bodies to impose administrative fines in light of the constitutional prohibition against the imposition of penalties by administrative agencies except as provided by law.[1] A local government or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its codes other than as provided in that chapter.[2]
Pursuant to the statutory enforcement procedures described in the Local Government Code Enforcement Boards Act:
 [I]f a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation. Should the violation continue beyond the time specified for correction, the code inspector shall notify an enforcement board and request a hearing. The code enforcement board, through its clerical staff, shall schedule a hearing, and written notice of such hearing shall be hand delivered or mailed as provided in s. 162.12 to said violator. . . . If the violation is corrected and then recurs or if the violation is not corrected by the time specified for correction by the code inspector, the case may be presented to the enforcement board even if the violation has been corrected prior to the board hearing, and the notice shall so state.[3] (e.s.)
Thus, even if a violation is corrected at the time the board has scheduled a hearing, the code enforcement board is authorized to hold a hearing if the violation continued past the date the code inspector set for compliance.
At the conclusion of such a hearing, the enforcement board is authorized to issue findings of fact and issue an order affording relief `consistent with powers granted herein.'[4] While the statute provides that `[t]he order may include a notice that it must be complied with by a specified date and that a fine may be imposed if the order is not complied with by said date[,]' it does not preclude the entry of other orders assuming that such orders are `consistent with powers granted herein.'[5]
Further, s. 162.09(1), F.S., which specifically authorizes the imposition of administrative fines, states that:
 An enforcement board, upon notification by the code inspector that an oder of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated, and a hearing shall not be necessary for issuance of the order.
Thus, reading ss. 162.07 and 162.09, F.S.,[6] together, an enforcement board may enter an initial order providing that, upon a subsequent finding that a violation had been repeated by the same violator, a fine would be imposed for each day the violation continues or for each time the violation is repeated. The act would authorize entry of such an order despite the fact that the violation had been corrected after the date set for compliance by the code inspector but prior to the initial enforcement board hearing.
Chapter 162, F.S., was amended in 1986,[7] to streamline the hearing procedure and to remedy enforcement problems with repeated violations by the same person.[8] The staff analysis of CS/HB 274 and 604[9] notes that `a major change proposed by the bill is that, upon finding that the same violation has been repeated by the same violator, the board may order the violator to pay a fine for each day the violation continues, and a hearing shall not be necessary for issuance of the order.'[10] In addition, the Legislature specifically provided that `[i]f the violation is corrected and then recurs, the case shall be presented to the enforcement board, even if the violation has been corrected prior to the board hearing . . . .' Therefore, to the extent that the conclusion herein is inconsistent with AGO 85-33,[11] which was written prior to such amendments, this opinion will control.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 18, Art. I, State Const. And see, s. 1, Art. V, State Const., which provides that `[c]ommissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices.'
[2] See AGO's 85-33 and 84-55.
[3] Section 162.06(2), F.S.
[4] Section 162.07(4), F.S.
[5] See generally, 57 C.J.S. May (The verb `may' usually is employed as implying permissive or discretional, and not mandatory, action or conduct.)
[6] Ideal Farms Drainage District et al. v. Certain Lands,19 So.2d 234 (Fla. 1944) (When two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.)
[7] Chapter 86-201, Laws of Florida.
[8] See, Tape 1 of 1, Committee Meeting on CS/HB 274 and 604, Planning and Zoning Committee, Florida House of Representatives, April 15, 1986; and Tape 1 of 1, Committee Meeting on CS/HB 274 and 604, Community Affairs Committee, Florida House of Representatives, April 16, 1986.
[9] Chapter 86-201, Laws of Florida.
[10] Staff Analysis of CS/HB 274 and 604, Florida House of Representatives Committee on Community Affairs, June 16, 1986.
[11] Attorney General Opinion 85-33 concludes in part that a local government code enforcement board has no authority to take action with respect to an intermittent code violation unless the code inspector initiates proceedings and the board determines at a hearing that the violation has not been brought into compliance at the time of the hearing.